Leo Dikman, J.
Motion for leave to reargue respondent’s motion to dismiss for lack of jurisdiction, and for leave to reargue the decision and order of this court dated August 8, 1977.
Respondent contends that this court lacks jurisdiction in this proceeding brought by petitioner, a resident of Queens County, for upward modification of divorce decree, Kings County, dated January 31, 1974. Respondent argues that since he is a resident of Putnam County, a county which does not adjoin the City of New York, this court lacks jurisdiction (and by inference that petitioner could proceed only by a petition brought in Putnam County, or by a proceeding under the Uniform Support of Dependents Law, U.S.D.L.).
In October, 1974, an order was made in the Family Court, Kings County, where petitioner then resided (respondent then resided in New York County), on petitioner’s petition for enforcement of said decree. On March 18, 1977, respondent, then a resident of Putnam Coqnty, filed a petition in the Family Court, Queens County (where petitioner then resided and now resides) requesting expanded visitation with the child. On March 29, petitioner filed a petition in this court requesting upward modification of support for the child. Both petitions were returnable in Kings County. When the court was informed that neither party ¡resided in Kings, the file was transferred to Queens County.
Now respondent argues lack of jurisdiction as to petitioner’s petition, in spite of the fact that he desires a hearing in this *539 county on his petition. In addition to the reasons set forth below it is obvious that to require two hearings, in two counties would create a needless multiplicity of suits.
Respondent’s argument is based on provisions of section 421 of the Family Court Act which relates to jurisdiction, and "the New York State Constitution specifically provides that Family Court is of limited jurisdiction and authority and lacks state wide powers and jurisdiction”. Moreover, respondent points out that under subdivision (b) of section 421 a petition may be originated in the county in which "petitioner is residing * * * if the respondent resides in or is found within such county or an adjoining county”.
The court agrees with the contention of petitioner’s attorney that section 421 deals with the question of venue. Moreover, section 451 of the Family Court Act grants to the Family Court continuing jurisdiction over any support proceeding brought under article 4, with authority to modify a prior order. Consequently, the court again holds that this court retains jurisdiction in this proceeding, or any requested modifications of orders made herein, so long as respondent resides within the State of New York.
The court has read the affidavit of respondent as to his inability to pay the amount of support directed in the order of August 8, 1977.
The motion to reargue is granted, and upon such reargument the original decision of August 8, 1977 is adhered to.